IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carius Kenta Lomax, #262660, | ) | C/A No. 5:16-00398-MGL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Carius Kenta Lomax ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 31, 32. On May 24, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 33. On July 22, 2016, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, ECF No. 38, and on August 1, 2016, Respondent filed a Reply, ECF No. 41. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 32, **be granted**.

I.     Background

Petitioner is currently incarcerated in the Perry Correctional Institution ("PCI") of South Carolina Department of Corrections ("SCDC"). ECF No. 1 at 1. In 2010, Petitioner was indicted

at the July term of the Anderson County Grand Jury for trafficking in crack cocaine-10g or more, but less than 28g (2008-GS-04-1615) and possession with intent to distribute ("PWID") hydrocodone (2008-GS-04-1611). App. 208-11.[1] Attorney Kurt Tavernier represented Petitioner in a jury trial that convened on February 2, 2009, and Assistant Solicitor Rame Campbell represented the State. App. 1. Petitioner was tried in his absence before the Honorable J.C. Buddy Nicholson, and the jury found Petitioner guilty of both charges. App. 106-07. After the jury issued the verdict, Judge Nicholson issued a bench warrant for Petitioner's arrest and sealed the sentence. App. 107. On April 7, 2009, Petitioner appeared before Judge Nicholson who unsealed Petitioner's sentence. App. 112-15. Originally, Judge Nicholson sentenced Petitioner to 20-years imprisonment for the trafficking conviction and five-years imprisonment for the PWID conviction and instructed the sentences run consecutively. App. 112. However, during the April 7, 2009 appearance and hearing, Judge Nicholson amended Petitioner's sentence to run concurrently. App. 122.

Appellate Defender Katherine H. Hudgins represented Petitioner in an *Anders*'[2] appeal and briefed the following issues:

1. Did the trial court err in not specifically instructing the jury that the defendant's absence at trial may not be construed as an admission of guilt?
2. Did the trial judge err in failing to direct a verdict of acquittal for possession with intent to distribute hydrocodone when the State failed to present evidence of intent to distribute?

ECF No. 31-3. On June 14, 2011, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted appellate counsel's motion to be relieved in an unpublished opinion. ECF No. 31-4. On July 1, 2011, the South Carolina Court of Appeals issued a Remittitur. ECF No. 31-5.

---

[1] Citations to "App." refer to the Appendix for Petitioner's trial transcript and his claim for collateral relief in the state courts of South Carolina. That Appendix is available at ECF No. 31-1 in this habeas matter.
[2] *See Anders v. California*, 386 U.S. 738 (1967).

II.    Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on March 5, 2012 (2012-CP-04-00650). App. 125-130. Petitioner asserted the following allegations, recited verbatim, regarding his claims:

a) My attorney failed to subpoena key witness, told me to find him, tried in absentia while gone.
b) My attorney was not prepared, he did not even realize he was defending me the day of my trial.
c) Judge failed to grant a continuance which did not allow me a fair trial.

App. 127. Additionally, Petitioner alleged the following facts related to his claims:

a) I was tried in absentia after my attorney told me to leave the courthouse to find witness.
b) My attorney was not even aware of who he was representing.
c) Even after hearing how unprepared my attorney and I was, judge failed to grant continuance.

*Id.* Assistant Attorney General Kaelon May filed a Return on behalf of the State on August 3, 2012. App. 131-135. A PCR hearing convened on February 27, 2013, before the Honorable J. Cordell Maddox. App. 136-195. Petitioner was present and represented by Attorney Sarah G. Drawdy; Attorney John W. Whitmire appeared on behalf of the State. *Id.* Petitioner, trial counsel Tavernier, and Kendra Gurley, a paralegal for the public defender's office, testified during the hearing. *Id.* In an Order filed January 31, 2014, the PCR court denied Petitioner's PCR Application in full, based on the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court's records regarding the subject convictions, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and exhibits from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. §17-27-80 (2003), this Court makes the following findings of fact based upon all of the probative evidence presented.

3

As a matter of general impression, this Court finds counsel and Gurley's testimonies to be credible and Applicant's testimony not credible. This Court finds it was manifestly clear Applicant understood his trial had commenced when he knowingly decided to voluntarily abandon his defense. See State v. Patterson, 367 S.C. 219, 230, 625 S.E.2d 239, 244 (Ct. App. 2006) ("[A] defendant may be presumed to waive or forfeit the right to be present by misbehaving in the courtroom or by voluntarily remaining away from trial."). Even Applicant's testimony on the matter was inconsistent. In comparison, counsel and Gurley fully detailed their interactions on February 2, 2009. This Court finds counsel exercised reasonable discretion in sending Applicant to locate Geer as a result of circumstances created by Applicant. This Court finds counsel's reputation and experience in representing clients facing narcotics charges to be high regarded and was apparent in the manner counsel made strategic decisions in investigating, preparing, and presenting Applicant's defense. This Court finds that although Applicant presented no credible evidence that showed he suffered any prejudice from counsel's representation, any possible detriment was borne from Applicant's conduct and actions. The duty to communicate, conduct a reasonable investigation, and prepare are predicated and judged upon a defendant's conduct. Because Applicant was released on bond, he has responsibility to attend scheduled appointments, ensure his contact information was accurate, and aid counsel in the representation. This Court finds Applicant's failure on the above mentioned were unequivocal. See Strickland, 466 U.S. at 681, 104 S. Ct. at 2061 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

A.

This Court finds Applicant's allegation that counsel was ineffective for failing to investigate the State's evidence is without merit. "Moreover, while the scope of a reasonable investigation depends upon a number of issues, "at a minimum, counsel has the duty to interview potential witnesses and to make an **independent** investigation of the facts and circumstances of the case. Ard v. Catoe, 372 S.C. 318, 331-32, 642 S.E.2d 590, 597 (2007) (emphasis supplied). This Court finds counsel's testimony on the matter credible and convincing. Counsel adequately investigated incident reports and the lab reports obtained by his discovery motion for a possible suppression defense. Addressing Applicant's more enunciated allegation that counsel was ineffective for failing to investigate possible fingerprint evidence, this Court finds it to is without merit. First, this Court finds counsel's trial strategy here valid. Counsel made a reasonable decision to elicit testimony from State witnesses at trial that the absence of fingerprint lifts on the vehicle's relevant compartments showed the possibility that Geer planted the narcotics could not be disproved. See Strickland, 466 U.S. at 681, 104 S. Ct. at 2061 ("Those strategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based.") Second, Applicant failed to present credible evidence

4

to show what beneficial impact the purported investigation would have had in his defense. Thus, the allegations rest on mere speculation. See Porter v. State, 368 S.C. 378, 385-86, 629 S.E.2d 353, 357 (2006), ("Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to result." Therefore, these allegations are denied and dismissed.

### B.

This Court finds Applicant's allegations that counsel was ineffective for failing to subpoena Geer to testify on Applicant's behalf at trial is without merit. This Court finds counsel's testimony credible and convincing. "So long as a defendant's attorney conducts a reasonable investigation, including interviewing potential witnesses when it is reasonable to do so, his performance will not be deficient." Edwards v. State, 392 S.C. 449, 457, 710 S.E.2d 60, 65 (2011). This Court finds counsel had a valid and strategic reason for not producing Geer as a witness at trial. Counsel interviewed the arresting officers as to Geer's involvement and criminal history. Geer was charged with a misdemeanor unrelated to narcotics use or transactions. Counsel determined Geer did not have familial or substantial personal connection to the Applicant that could have indicated he would have been willing to forgo his own interests. Thus, this Court finds counsel's reasoning valid to stray from involving Geer in Applicant's case where the substantial detriment of calling him as a witness outweighed any foreseeable benefit. See Stokes v. State, 308 S.C. 546, 548, 419 S.E.2d 778, 779 (1992) Applicant waited until the morning of his trial to convey his knowledge of Geer's alleged intention to exculpate Applicant. See Strickland v. Washington, 466 U.S. at 681, 104 S. Ct. at 2061 ("[C]ounsel's investigatory decisions must be assessed in light of the information known at the time of the decisions.").

Regardless, Applicant failed to produce testimony from Geer on the matter. See Glover v. State, 318 S.C. 496, 458 S.E.2d 538 (1995) ([Applicant's allegations, alone, will not support a finding of prejudice when applicant claims counsel was ineffective for failing to investigate witnesses; instead, applicant must show the results of an investigation would have resulted in a different outcome at trial). Therefore, this allegation is denied and dismissed.

### C.

Last, this Court summarily dismisses Applicant's allegation that counsel was ineffective for failing to move for a continuance at an earlier juncture in the trial. Applicant contends he would never have been tried in absentia had counsel made the motion before he left to find Geer. This Court finds counsel's testimony credible and Applicant's testimony not credible. This Court finds a defense attorney is under no duty to make strategic decisions in anticipation that a defendant might decide to ignore a directive and condition of bond to the detriment of the presentation of his defense. Regardless, this Court finds counsel

could not have foreseen that Applicant would not return and flee. Despite Applicant's hubris in neglecting to meet and discuss his case with counsel, he did however testify he attended his prior court appearances. See Thorne v. State, 310 S.C. 306, 309-10, 426 S.E.2d 764, 765 (1993) (This Court has never required an attorney to anticipate or discovery changes in the law, or facts which did not exist, at the time of trial.). Therefore, this allegation is denied and dismissed.

### D.

Except as discussed above, this Court finds that the Applicant affirmatively abandoned the remaining allegations set forth in his application at the hearing. A waiver is a voluntary and intentional abandonment or relinquishment of a known right. Janasik v. Fairway Oaks Villas Horizontal Property Regime, 307 S.C. 339, 415 S.E.2d 384 (1992). A waiver may be express or implied. "An implied waiver results from acts and conduct of the party against whom the doctrine is invoked from which an intentional relinquishment of a right is reasonably inferable." Lyles v. BMI, Inc., 292 S.C. 153, 158-59, 355 S.E.2d 282 (Ct. App. 1987). The Applicant's failure to address these issues at the hearing indicates a voluntary and intentional relinquishment of his right to do so. Therefore, any and all remaining allegations are denied and dismissed.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this Court to grant his application for post-conviction relief. Therefore, this application for post-conviction relief must be denied and dismissed with prejudice.

This Court notes that Applicant must file and serve a notice of intent to appeal within thirty (30) days from receipt of this Order to secure the appropriate appellate review. See Rule 203, SCACR. Rule 71.1(g), SCRCP; Bray v. State, 336 S.C. 137, 620 S.E.2d 743 (2005), for the obligation of Applicant's counsel to file and serve a notice of appeal. The Applicant's attention is also directed to South Carolina Appellate Court Rule 243 for appropriate procedures after notice has been timely filed.

**IT IS THEREFORE ORDERED:**

1. That the Application for Post-Conviction Relief must be denied and dismissed with prejudice; and
2. Applicant be remanded to the custody of the Respondent.

App. 201-06. Appellate Defender Benjamin John Tripp filed a *Johnson*[3] Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 31-7. Therein, Petitioner presented the following issue for review:

> Whether trial counsel's performance was constitutionally deficient for failing to adequately prepare Petitioner's case and call a witness to support his defense where the witness's guilt as a third-party was Petitioner's only plausible defense and where counsel did not investigate or subpoena the witness but then on the day of trial asked Petitioner to find him so he could testify.

*Id.* at 3. The South Carolina Supreme Court denied the petition and granted counsel's request to withdraw. ECF No. 31-8. On February 2, 2016, the supreme court issued the Remittitur. ECF No. 31-9.

During the pendency of his 2012 PCR action, Petitioner filed a second application for PCR (2013-CP-04-01675). ECF No. 31-10. There, Petitioner alleged he was being held unlawfully on four grounds. *See id.* In a December 11, 2013 letter to the Anderson County Clerk of Court, Petitioner wrote that he wanted to "stop the proceedings of the second P.C.R., I don't wanna (sic) follow through with it." ECF No. 31-11. In a Conditional Order of Dismissal, Petitioner's second PCR action was dismissed as successive and untimely. ECF No. 31-12. Petitioner did not file a response to the Conditional Order, and on November 25, 2014, Judge R. Lawton McIntosh denied and dismissed Petitioner's second PCR action with prejudice. ECF No. 31-13. This federal habeas Petition followed and was filed on February 9, 2016. ECF No. 1.

III.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

---

[3] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

GROUND ONE: (1) I have the right to see all evidence brought against me in the court of law; (2) I have a right to be present at the trial while the jury is hearing the case; (3) I have a right to see, hear, and confront the witnesses presenting the case against them and/or me; (4) I have a right to call witnesses and to have the court issue subpoenas to compel the witness to appear, and they or he or she can testify themselves if they choose to do so, or refuse to testify if they choose to do so; (5) I have a right to cross-examine the witnesses giving testimony against me; (6) I have a right to compel the State to prove its case against me beyond a reasonable doubt

Supporting Facts: I, Carius Kenta Lomax was tried in my absentia because of technicalities of the court. I was told that I was not on docket for trial on the morning of February 2, 2009. I was told that I was to appear the next month (March) for a "failure to stop for blue light." Upon leaving the lawyer Kurt Tavenier asked Judge Nicholson for a continuance with me not present and the judge denied continuance and proceeded with the case. I was sentenced to 27 years in the South Carolina department of Corrections then Judge reduced sentence and gave me 20 years for trafficking and 5 years for P.W.I.D. Loritabs to run concurrent. My Sixth Amendment right was violated.

The relief that I am asking is a "new trial" because, I have no clue what type of drugs I am pleading to due to no evidence presented to me visually to plea to. I am asking the courts to review retro-active parole eligibilities for all drug offenders and work credits to be added to sentence of all drug offenders in state prisons. I am also asking for the percentage to change from 85 percent of sentence to be served to 65 percent with parole and work credits, drug rehabilitation classes, and/or half way house eligibilities for individuals to have some type of financial assistance before re-entering into society. I am also requesting the courts to review the accountability standards of individuals being caught with drugs and make them responsible for what they are caught with instead of blaming people who has nothing to do with their or his or her situation. I was tried in absence and haven't seen or heard anything since. I need for the courts to recognize that car audio is legal to buy in the store's, but how come it is illegal when played in the streets? ECF No. 1 at 5-7; 18.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Standard of Review

1.    Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the

underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

a.   Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). The Supreme Court has provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

b.  Ineffective Assistance of Counsel

11

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. 131 S. Ct. at 1398. The Court explained that "review under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id.* at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id.* The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas

court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at 101. "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

### 2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) *overruled on other grounds by U.S. v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203, SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80

14

of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of

the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.  *See Teague*

v. Lane, 489 U.S. 288, 297-98 (1989); Matthews, 105 F.3d at 915 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Id. Absent a showing of cause, the court is not required to consider actual prejudice.  Turner v. Jabe, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### IV.    Analysis

As an initial matter, Respondent maintains that all issues in Ground One "as presented in his petition, are not properly before the Court." ECF No. 31 at 11. Specifically, Respondent maintains that Petitioner's argument—that his Sixth Amendment rights were violated when he was tried in absentia—is framed as a direct appeal argument, and Petitioner failed to present this issue in his direct appeal to the South Carolina Court of Appeals. Id. The undersigned finds that any absentia allegation is procedurally barred from habeas review.

In his direct appeal, Petitioner argued that the trial judge erred in not specifically instructing the jury that his absence at trial may not be construed as an admission of guilt. *See* ECF No. 31-3. The undersigned finds that Petitioner's absentia argument as raised in his Petition was not raised to the appellate court's attention on direct appeal.[4] Additionally, the undersigned finds this issue was not exhausted as a Sixth Amendment violation. The PCR court addressed three issues on the merits in its Order of Dismissal. App. 197. Thereafter, only one issue was presented in Petitioner's PCR appeal. *See* ECF No. 31-7 at 3. Petitioner's PCR appellate issue could be construed as two sub-issues concerning whether trial counsel was ineffective in his investigation and whether trial counsel was deficient in his representation by failing to call a certain witness to support Petitioner's defense. *See id.* However, no absentia argument was raised in Petitioner's PCR appeal. *See id.*

The undersigned liberally construes Petitioner's habeas claims and finds the following ineffective-assistance-of-counsel claims (sub-issues in Petitioner's PCR appeal) are properly before the court: (1) Failure to Investigate the State's Evidence and (2) Failure to subpoena trial witness Geer. ECF No. 1. Respondent's argument mainly focuses on the issue of whether Petitioner received ineffective assistance of counsel due to trial counsel's allowing Petitioner's criminal trial to proceed in his absence. *See* ECF No. 31. However, Respondent also submits the broad argument that Petitioner has failed to present any evidence or argument to this court sufficient to show his Sixth Amendment rights were violated. *See id.*

      1.  Issue One: Ineffective Assistance of Counsel/Failure to Investigate State's Evidence

---

[4] The undersigned notes that while Petitioner raised his absentia argument in his PCR Application it was not considered in the PCR court's dismissal order, and the PCR court determined that Petitioner "affirmatively abandoned the remaining allegations set forth in his application at the [PCR] hearing." App. 205.

In his PCR action, Petitioner alleges that trial counsel was ineffective in failing to properly investigate and prepare for his case. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington* the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. 466 U.S. at 687. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In rejecting this ineffective-assistance-of-counsel allegation, the PCR court found trial counsel obtained discovery materials and adequately investigated incident reports and lab reports. App. 203. Additionally, the PCR court found trial counsel properly investigated finger-print evidence and elicited testimony from a State witness about the absence of Petitioner's fingerprints on the vehicle's relevant compartments. *Id.* Moreover, the PCR court held that Petitioner failed to demonstrate prejudice resulting from trial counsel's purported failure to investigate or show what beneficial impact would have resulted for his defense. *Id.*

During his PCR hearing, Petitioner testified that he was contacted by the Public Defender's office prior to his trial. App. 141. Additionally, Petitioner testified that he met with trial counsel twice before his case was called for trial. App. 141-42. Trial counsel's PCR testimony corroborates the PCR court's finding. During the PCR hearing, trial counsel testified

that the Public Defender's Office "contacted [Petitioner] at the jail and [he was] interviewed." App. 168. Trial counsel testified that Petitioner's file was opened and discovery was requested from the Solicitor's Office on June 25, 2008, the date of the initial contact. *Id.* However, trial counsel testified that he never had the opportunity to review the discovery with Petitioner because Petitioner never came to trial counsel's office. App. 168-69. Trial counsel testified that Petitioner made no effort to prepare for his trial, but trial counsel still did what he needed to do to prepare which included "review[ing] the case file, talk[ing] to the officers and review[ing] the chain of evidence. . ." App. 169. Additionally, the following colloquy occurred during the PCR hearing:

> Q:  And in this investigation, did you have an opportunity to review the SLED analysis?
> A:  Yes, I did. I had the lab report, reviewed the chain of custody. Turned out that it was approximately a little over ten grams – 10.23 grams of crack cocaine.
> Q:  And what investigation or research did you do regarding any potential Fourth Amendment violation, if you recall?
> A:  Basically, what I do I review the incident report, then I talk to the officer. And Russell McClellon was the officer, initial reporting officer, on this case. And I went and I gave him a call. Since I do primarily drugs, I know most of these guys fairly well. I can call them up and discuss what goes on and what happened. And they're pretty forthright. And I called Russell, got -- figured out what happened, found out what wasn't necessarily in the incident report, and made a determination based on my discussion with him, what was in any incident report what kind of case we had.

App. 169-70. Kendra Gurley also testified that trial counsel stated he could not be prepared because Petitioner "had not contacted or come in and cooperated by keeping his scheduled appointments or making appointments." App. 192.

Trial counsel's representations prior to Petitioner's trial were consistent with his PCR testimony. During a colloquy with the court prior to Petitioner's criminal trial, trial counsel stated that Petitioner had refused to cooperate with the public defender's office in its preparation for Petitioner's case. App. 30. Specifically, trial counsel represented: "I have had contact with

[Petitioner] on at least two occasions. . . .He was informed by myself and Kendra Gurley, my investigator out of the public defender's office, to make an appointment to see me about these charges and get ready for trial. He has never made that appointment." *Id.* Additionally, trial counsel stated:

> [I]n preparation of the case I was provided discovery by [the State's attorney] January 26th. I have gone through the file. I have at least prepared the best I can for trial without any aid of [Petitioner]. And because on earlier discussions today what I perceive as best I can do, I reviewed the chain of custody, I've reviewed and interviewed the officers. I believe I'm prepared for trial at least from my perspective without the aid of [Petitioner].

App. 31. Based on his knowledge of the case, trial counsel made two motions in limine to exclude the admission of evidence during Petitioner's trial. App. 33.

The undersigned finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting Petitioner's ineffective-assistance-of-counsel claim, or that the PCR court made objectively unreasonable factual findings. A review of the trial transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Additionally, the PCR court found trial counsel's testimony to be credible and found Petitioner not to be credible. App. 202. This credibility determination is also entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003). Petitioner has failed to demonstrate that the PCR court unreasonably misapplied the *Strickland/Hill* test concerning his allegations that trial counsel was ineffective for failing to investigate.

  2. Issue Two: Ineffective Assistance of Counsel/Failure to Subpoena Witness

The undersigned is broadly construing Petitioner's second issue as the preserved allegation that Petitioner's trial counsel was ineffective in failing to subpoena a third-party witness. The PCR court also rejected this ineffective-assistance-of-counsel allegation. App. 204-

05. Specifically, the PCR court found trial counsel had a valid strategic reason for failing to produce Bobby Geer as a witness. App. 204. Geer was a passenger in Petitioner's car during the traffic stop that ultimately led to Petitioner's arrest. App. 144; 197. Petitioner alleged that Geer would have testified that the drugs in the car belonged to Geer and not Petitioner. App. 198. The PCR court found that trial counsel, after interviewing the arresting officers, learned that Geer was charged with a misdemeanor unrelated to narcotics and determined that Geer had no familial or substantial personal connection to Petitioner. App. 204. Thus, the court determined trial counsel's reason for not calling Geer as a witness was valid because his testimony would have been more detrimental than favorable to Petitioner. *Id.* Furthermore, the PCR court held that Petitioner failed to produce testimony from Geer. *Id.* Thus, Petitioner was unable to demonstrate prejudice or a likelihood that the outcome of his trial would have been different had Geer been subpoenaed as a witness. App. 204-05.

During the PCR hearing, trial counsel testified that on the day Petitioner's case was called, Petitioner told him he had a beneficial witness who could claim responsibility for the drugs. App. 171. However, trial counsel testified Geer was never mentioned as a beneficial witness prior to the day of trial. *Id.* Additionally, trial counsel testified that according to a law enforcement officer, Geer took responsibility for an open container and alcohol in the vehicle, but neither party took responsibility for the drugs that were found. *Id.* Therefore, trial counsel testified that he had no reason to believe Geer would be a beneficial witness. *Id.* Moreover, trial counsel testified it was likely detrimental to subpoena Geer because Geer would have testified under oath that "everything pointed to [Petitioner]." App. 172-73.

The undersigned agrees with the PCR court's finding that trial counsel did not err in failing to subpoena and call Mr. Geer as a witness. In particular, the undersigned notes the PCR

court's finding that Petitioner did not disclose until the day of his trial "his knowledge of Geer's alleged intention to exculpate [Petitioner]." App. 204-05. Additionally, the undersigned finds that trial counsel used a valid trial strategy when deciding not to subpoena Geer because nothing in the record demonstrates that Geer would have given favorable testimony. Furthermore, the undersigned has reviewed the trial transcript and agrees with the PCR court's finding that, based on the evidence against Petitioner, no omitted testimony was likely to have had an effect on the outcome of Petitioner's criminal trial. Accordingly, the undersigned finds Petitioner has failed to demonstrate either *Strickland* prong.

The undersigned finds that the PCR court's dismissal of Petitioner's claim of ineffective assistance of counsel was not an unreasonable application of federal law. Therefore, the undersigned finds that Petitioner has failed to demonstrate that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d) & (e)(1). As a result, the undersigned finds that the two sub-issues are without merit and should be dismissed.

V.     Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 32, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

November 21, 2016                                                    Kaymani D. West
Florence, South Carolina                                       United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).